UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Reitano,<br>   individually and on behalf of others<br>   similarly situated,<br><br>                     Plaintiff,<br>v.<br><br>Midland Funding LLC, and<br>Midland Credit Management, Inc.,<br><br>                    Defendants. | Civil Action No.: 1:15-cv-02275-SJ-RER |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Anthony Reitano, by and through the undersigned counsel, states as follows:

1.   The Plaintiff, individually and on behalf of others similarly situated, seeks redress for the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The Plaintiff, individually, seeks redress for the Defendants' violations of New York General Business Law § 349 and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.   Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over actions arising under the FDCPA and the TCPA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

3.   Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district. The Defendants transact business in this district and the events giving rise to the claims occurred in this district.

1

## THE PARTIES

4. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Class Action Complaint (hereinafter "Complaint") as though fully stated herein.

5. The Plaintiff is an adult individual residing in the State of New York. The Plaintiff and similarly situated individuals (or putative class members) are Consumers pursuant to the FDCPA. *See* 15 U.S.C. § 1692a(3).

6. Defendant Midland Funding LLC ("Midland Funding") is a foreign limited liability company organized and existing under the laws of the State of Delaware.

7. Defendant Midland Credit Management, Inc., ("Midland Credit") is a foreign corporation organized and existing under the laws of the State of Kansas.

8. Both Defendants are closely affiliated third-party debt collection companies that were attempting to collect one or more alleged financial obligations from the Plaintiff. The alleged obligations arose out of transactions in which the money and/or services which were the subject of the transactions were primarily for personal, family, or household purposes.

9. Upon information and belief, both Defendants are responsible for all actions, omissions, and violations described herein.

## FACTUAL ALLEGATIONS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. From January to May of 2014 (approximately), the Defendants communicated with the Plaintiff by placing a series calls to his telephone. The calls were numerous, excessive, and continuous.

12. The aforementioned calls were made with the purpose of collecting one or more financial obligations allegedly owed by the Plaintiff.

13. The Defendants' communicated with the Plaintiff solely by telephone.  At no point did the Defendants send the Plaintiff a written notice pertaining to the alleged debts.  Under the FDCPA, a debt collector must send a consumer a written notice within five days of the initial telephone communication.  *See* 15 U.S.C. § 1692g(a).  The notice must contain information about amount of the debt, the name of the creditor(s), and the consumer's right to dispute the debt.  *Id.*  The Defendants ignored this requirement by persisting with months of telephone calls without any written notice to the Plaintiff.

14. Upon information and belief, the Defendants' failure to provide the Plaintiff with the required written notice is part of a systematic and widespread pattern that has affected hundreds or thousands of similarly situated consumers.

15. Upon information and belief, the Defendants' excessive calling pattern was intended to intimidate the Plaintiff and force him into paying the alleged debts.

16. The calls by the Defendants were placed without the prior express consent of the Plaintiff.   The calls were placed to the Plaintiff's cellular telephone.

17. Upon information and belief, the Defendants used an automatic telephone dialing system to place the aforementioned calls.

18. Upon information and belief, the Defendants were attempting to collect one or more alleged debts that were not valid.

## CLASS ALLEGATIONS

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Plaintiff brings this action on behalf of himself and others similarly situated. The proposed class is premised on the Defendants' violations of section 1692g(a) of the FDCPA.

21. The Plaintiff proposes a class to be defined as follows:

   a. **All individuals**
      i. **who are Consumers pursuant to the FDCPA,**
      ii. **who received telephone call(s) from the Defendants (within one year preceding the filing of this action),**
      iii. **who resided in the State of New York when receiving such call(s),**
      iv. **who did not receive any written notice from the Defendants within five days of the first telephone call by the Defendants, and**
      v. **whose failure to receive such written notice was caused by the Defendants failure to send such written notice.**

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class is appropriate and preferable because of the factors stated below.

   a. The Defendants' violations stem from routine communications and correspondence with consumers. Thus, the proposed class is so numerous that joinder of all members is impractical.
   b. There are questions of law and fact common to the class and these questions predominate over any questions affecting individual claims.
   c. Identification of putative class members is a matter that can best be determined from the Defendants' records.

d. The precise number of putative class members is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendants collect on the alleged debts of hundreds or thousands individuals. Therefore, the members of the class are believed to be so numerous that the joinder of all its members is impractical.

e. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in prosecuting collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

f. A class action is superior for the fair and efficient adjudication of the putative class members' claims.

g. Absent a class action, most members of the putative class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

h. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

i. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other debt collectors.

  j. Proceeding by way of a class action is the most economical and sensible manner in which to vindicate the injuries sustained by the Plaintiff and potential class members.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692g in that the Defendants failed to send the Plaintiff and putative class members the requisite written notice within five days of the initial telephone communication.  The Defendants' failure to provide a written notice to the Plaintiff and putative class members also violated 15 U.S.C. § 1692f.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that the Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff.

26. Upon information and belief, the Defendants were attempting to collect one or more alleged debts (from the Plaintiff) that were not valid.  This conduct violated 15 U.S.C. §§ 1692e and 1692f.

## COUNT II
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

29. By acting as debt collectors, the Defendants conduct business and/or provide services within the meaning of New York General Business Law § 349.

30. The Defendants engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs 10-18, *supra*. The aforementioned acts and omissions by the Defendants 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

31. The Defendants violated New York General Business Law § 349 by, *inter alia*, a) engaging in a pattern of excessive telephone calling, b) failing to provide any written notice regarding the alleged debts, c) attempting to collect one or more invalid debts, and d) failing to inform the Plaintiff about his rights to dispute the alleged debts.

32. By reason of the conduct alleged above, the Defendants engaged in deceptive conduct in violation of New York General Business Law § 349. The Plaintiff is entitled to statutory damages pursuant to the Defendants' violations of New York General Business Law § 349.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Upon information and belief, the Defendants used an automatic telephone dialing system to place numerous calls to the Plaintiff's cellular telephone. An automatic telephone dialing system is a system that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

35. The Defendants used an automatic dialing system to place numerous calls to the Plaintiff's cellular telephone without his prior express consent. This conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

36. The foregoing acts and omissions by the Defendants constitute violations of the TCPA. The Plaintiff is entitled to statutory damages resulting from the TCPA violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants by

1. Awarding the Plaintiff and putative class members statutory damages pursuant to 15 U.S.C. § 1692k,

2. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3),

3. Awarding the Plaintiff (individually) statutory damages, attorneys' fees, and costs pursuant to New York General Business Law § 349,

4. Awarding the Plaintiff (individually) statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5); and

5. Granting such other and further relief that the Court may deem just and proper.

Dated: June 5, 2015

> Respectfully submitted,
> By: /s/ Hashim Rahman
> Hashim Rahman, Esq.
> Rahman Legal
> 155 Water Street
> Brooklyn, NY 11201
> hrahman@rahmanlegal.com
> Phone: (347) 433-6139
> Fax: (347) 382-9457