# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW     WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

| | | |
|---|---|---|
| | PENNSYLVANIA | OHIO |
| | Allentown | Cincinnati |
| | Doylestown | Cleveland |
| | Erie | |
| | Harrisburg | FLORIDA |
| | King of Prussia | Ft. Lauderdale |
| | Philadelphia | Jacksonville |
| | Pittsburgh | Orlando |
| | Scranton | Tampa |
| | NEW JERSEY | NEW YORK |
| | Cherry Hill | Long Island |
| | Roseland | New York City |
| | | Westchester |
| | DELAWARE | |
| | Wilmington | |

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

June 16, 2015

Hon. Ramon E. Reyes
United States District Court
225 Cadman Plaza East, Rm. N208
Brooklyn, NY 11201

Re:  **Reitano v. Midland Funding, LLC et al.**, Case No. 1:15-cv-02275-SJ-RER
**Request for Stay Discovery Pending Decision on Transfer to MDL**

Dear Judge Reyes:

I represent the Defendants Midland Funding, LLC and Midland Credit Management, Inc. ("Midland") in this matter. I write seeking a stay of discovery in this matter while Defendant's Motion to Transfer this matter to the Judicial Panel on Multidistrict Litigation ("JPML") is pending. The parties have attempted, pursuant to Local Rule 37.3, to come to an agreement as to when discovery but could not do so. Plaintiff plans to oppose this motion.

Plaintiff filed the original complaint on April 21, 2015, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 45 U.S.C. § 227 ("TCPA"). Specifically, Plaintiff alleges that Midland called his cellular telephone without express consent using a autodialer, allegedly in violation of the TCPA. Docket No. 1, ¶¶ 17-19. Further, Plaintiff alleges that Midland violated the FDCPA by failing to provide him written notice of the debt and his right to dispute it within five days of its initial communication with him, calling him with the intent to annoy, abuse or harass and by attempting to collect an amount not expressly authorized and not permitted by law. Id. at ¶¶ 22-24. Plaintiff alleges these acts also violate New York General Business Law § 349.

The parties engaged in settlement negotiations during the month of May. On May 22, 2015, the parties completed their Rule 26 conference. At the time, the parties did not discuss the potential to transfer the case to MDL as Midland still believed it may resolve the matter without need for transfer.

On June 1, 2015, unable to resolve the case, Midland filed a Notice of Potential Tag-Along, seeking to transfer this case to In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act (TCPA) Litigation, MDL No. 2286 (S.D. Cal.)[1]. The JPML issued a Conditional Transfer Order for this matter on June 3, 2015 (attached as Exhibit A). On June 4, 2015, Plaintiff amended his Complaint to assert FDCPA claims on behalf of a class. Midland's Responsive Pleading is due June 26, 2015. On June 10, 2015, Plaintiff filed a timely motion opposing transfer to the MDL. Plaintiff's formal motion to vacate the conditional transfer order is due on June 24, 2015, and Midland's opposition is due on July 15, 2015.

On May 23, 2015, Plaintiff's counsel served non-party AT&T Mobility LLC a subpoena seeking records relating to Plaintiff's cellular phone. That same day, Midland provided Plaintiff's counsel a proposed protective order, which Plaintiff plans to modify and return for discussion. On May 28, 2015, Plaintiff's counsel propounded Interrogatories, Requests for Admission and Requests for Production upon each Defendant. On June 2, 2015, Plaintiff served subpoenas on non-parties T-Mobile USA, Inc. ("T-Mobile") and Barclays Bank Delaware ("Barclays"). Midland discussed with Plaintiff's counsel the potential need for a motion to quash these subpoenas, absent a protective order, as they seek confidential and proprietary agreements between the creditors and Midland entities. Plaintiff's counsel agreed to continue working on the proposed protective order and to extend Midland's deadline to move to quash the subpoenas to June 26, 2015.

The principal purpose of MDL is to avoid piecemeal litigation and coordinate pretrial proceedings. Pierre v. Prospect Mortgage, LLC, Civ. No. 1:13-cv-453 (NAM/RFT); 2013 U.S. Dist. LEXIS 156005, *5 (N.D.N.Y. Oct. 31, 2013). Should this case be transferred to MDL, "allowing discovery to proceed could result in inconsistent pretrial rulings." Markey, 2013 U.S. Dist. LEXIS 71854 at *3-*4. "Any decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be relitigated." Id. at *4 (citations and punctuation omitted). Thus, "the risk of hardship of engaging in duplicative discovery proceedings outweighs any prejudice that could possibly inure to the parties." Id. (citations and punctuation omitted). Midland is confident that the case will be transferred to MDL, as Plaintiff would have to show that his TCPA claims are materially different than those other plaintiffs have asserted against Midland, and that appears unlikely. TCPA claimants generally assert the same underlying facts that Plaintiff asserts.

Plaintiff's counsel has offered to extend Defendants' time to respond to "TCPA-related discovery." Midland notes that much of the discovery relevant to the TCPA claims could be said to be relevant to the FDCPA/NYGBL claims and further believes that the MDL court should be involved in setting a new discovery

---

[1] Also identified as Case AZ/2:15-cv-00356

plan. Defendants wish to stay all discovery in order to avoid duplicative discovery, multiple depositions of corporate representatives and burdens regarding the production and protection of proprietary and confidential contracts.

Under Fed. R. Civ. P. 26(c), a court has the discretion to stay discovery "for good cause." Markey v. LaPolla Indus., CV 12-4622 (ETB), 2013 U.S. Dist. LEXIS 71854, *2-*3 (E.D.N.Y. May 21, 2013). The following factors are considered in making such a determination: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id.

Midland denies that it violated the TCPA and believes it can show express consent to at least some of calls. Further, Midland's records show that it did mail Plaintiff the notices required under the FDCPA, denies harassing Plaintiff with calls and only attempted to collect amounts lawfully due and owing from Plaintiff. Plaintiff has expressed no factual basis for his claim that Midland was seeking to collect an amount not expressly authorized. Midland asserts that Plaintiff's NYGBL claims will fall with Plaintiff's FDCPA claims.

In order to allow the Court to assess the breadth of discovery and the burden of responding to it, Midland attaches the discovery Plaintiff propounded upon Midland Funding, LLC (marked Exhibit B), and notes that Plaintiff served identical discovery on Midland Capital Management, Inc. Also attached are Plaintiff's subpoenas to T-Mobile and Barclays, marked as Exhibit C & D (omitting a page of Plaintiff's credit report that was included to Barclays and a copy of the original complaint that was included with each).

Midland does not believe there is a risk of unfair prejudice to Plaintiff should discovery be stayed. To the contrary, the MDL process is designed to make discovery orderly and efficient, which serves the interests of all parties.

It is Midland's belief that Plaintiff is aggressively pursuing discovery, and that he amended his complaint to assert claims on behalf of a class, in an effort to coerce Midland into increasing its settlement offer. Midland believes that all discovery should be stayed pending resolution of the MDL transfer motion, which Midland expects will be granted.

Very truly yours,

Matthew B. Johnson

Cc (via ECF): Hashim Rahman, *Plaintiff's Counsel*